## J. TETER v. STATE.

No. A-950.  Opinion Filed April 17, 1912.

(122 Pac. 1115.)

1. CONTINUANCE—Absence of Witnesses.  Where, in a criminal prosecution, the defendant filed a written praecipe in the county court for twelve witnesses eight days before the day set for trial, and the judge and clerk of said court neglected to issue a subpoena for said witnesses, and the defendant, on the day set for trial, files his verified application for continuance, setting forth the foregoing facts and what would be the testimony of the witnesses, if present, and such testimony is material, and the court overrules the application upon the county attorney consenting that the allegations of the affidavit for continuance shall be taken as and for the testimony of the absent witnesses, held, prejudicial error; that up to that time the defendant had used sufficient diligence to procure the attendance of his witnesses, and their absence was due to the failure of the judge or clerk of the court to issue the subpoena, and for this reason the continuance should have been granted.

2. SAME—Sickness of Attorney.  Ordinarily an application for continuance on account of the sickness of the defendant's attorney is within the discretion of the trial court; yet, where defendant's attorney is taken suddenly sick an hour before the case is called for trial, which sickness resulted fatally two days thereafter, the court erred in refusing a continuance, and, under the circumstances, should have granted a new trial.

(Syllabus by the Court.)

*Appeal from Washita County Court;*
*L. R. Shean, Judge.*

J. Teter was convicted of a violation of the prohibition law, and appeals.  Reversed.

*Le Roy Jones,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *E. G. Spilman* and *Smith C. Matson,* Asst. Attys. Gen., for the State.

DOYLE, J.  The plaintiff in error was tried and convicted on an information, wherein he was jointly charged with one J. M. Dickerson with maintaining a place for the unlawful sale of intoxicating liquors.

Upon their trial, the jury returned the following verdict:
"We, the jury drawn, impaneled, and sworn in the above-entitled cause, do, upon our oaths, find the defendants guilty, as charged in the information herein, and fix the punishment of J. Teter at a fine of three hundred dollars and sixty days in the county jail, and fix the punishment of J. M. Dickerson at a fine of three hundred dollars and sixty days in the county jail."

There are numerous errors alleged in the petition; but the only one necessary to notice is the assignment that the court erred in overruling the defendant's application for continuance.

The defendant's affidavit for continuance reads as follows:

"J. C. Teter, being duly sworn, deposes and says that he is one of the defendants in the above-styled cause. That said defendant cannot safely proceed to trial of said cause at this time for the want of material evidence, which defendant has been unable to procure by due diligence, to wit, the testimony of Henry Galispie, D. M. Alexander, A. F. Jackson, George Hatcher, W. P. Cooper, Dave Geahan, Joe Witten, B. J. Elrod, S. H. Eliot, Mr. Lowe, Mr. Rogers, and Mr. Duncan, all of whom are residents of or near Sentinel, in said Washita county. That said defendant is charged with having, on the 7th day of April, 1910, maintained a place, to wit, the Sentinel Wagon Yard, where intoxicating liquors were received and kept, for the purpose of selling, bartering, giving away, and otherwise furnishing the same. That on the 30th day of August, 1910, deponent's attorney, W. J. Knott, filled out a praecipe containing the names of said witnesses and requiring a subpoena to issue for their attendance before said court on this 8th day of September, 1910, at 9 o'clock a. m., and that the same be delivered to the sheriff of said county for service, and on said last-named date W. J. Knott handed said praecipe to the clerk of this court and requested that he issue said subpoenas. That deponent and his said attorney, from that time until this morning, at about 9 o'clock, supposed that said subpoenas had been issued by the clerk and placed in the hands of the sheriff for service, but upon an examination of the files and papers in said cause this morning deponent found that no subpoenas had been issued upon said praecipe for said witnesses, or either of them, and that the files and papers of said cause contained said praecipe as made and handed to the clerk by deponent. That said witnesses, except Alexander and Lowe, are absent, but are now in Washita county, as deponent is informed and believes. Said praecipe is hereto attached, marked 'Ex. A.'

That defendants expect to show the following facts by said witnesses, and if said witnesses were present they would testify as follows: That at and prior to the time of the commission of the alleged offense they were frequently at said wagon yard on business, and were frequently in and out of the same and about the premises; that no liquor of any kind was kept at said wagon yard or received by defendant; that they did not see any intoxicating liquor sold, given away, bartered, or otherwise furnished by defendant, or any one else, about said wagon yard; and that they were in said wagon yard and about the premises often, and if there had been any liquor kept there, or sold or bartered, given away, or otherwise furnished, said witnesses would have known it and seen the same; and that said witnesses saw nothing about said wagon yard, either inside or outside, to indicate that liquors were kept or in any wise handled or trafficked in by any one. That defendant cannot prove such facts by any other witnesses, and deponent believes them to be true. Wherefore, defendant asks that said cause be continued until the next term of this court, at which time defendant will be able to procure the attendance of said witnesses, and deponent further says that his attorney, W. J. Knott, was taken sick a short time ago, about an hour ago, and on account thereof has been compelled to go home, and is wholly unable, on account of such sickness, to represent defendant, and, defendant having fully depended upon his said attorney to defend him, he is practically without counsel, as no other lawyer is acquainted with the facts of the case, and deponent has not had time to consult and advise with any other attorney. J. C. Teter.

"Subscribed and sworn to before me this 8th day of September, 1910. L. R. Shean, County Judge. [Seal.]"

Attached thereto as an exhibit was a written praecipe, filed by the defendant in the county court August 30th. The affidavit as to what these absent witnesses would prove was not admitted; but the county attorney announced that he would consent that the affidavit be treated as the deposition of the absent witnesses. Thereupon the court refused the continuance.

This court is of opinion that forcing the defendant to trial under the circumstances was error. The diligence used by the defendant appears to have been sufficient. When the praecipe for subpoenas to issue for these witnesses was filed with the clerk of the court, it was the duty of the judge or clerk to issue

subpoenas in accordance therewith. This they failed to do. A defendant should not be deprived of the right to have his witnesses in attendance on account of the carelessness, negligence, or failure of the clerk of the court to issue a subpoena therefor, when he has made proper application; and the county attorney's consent that the allegations of the affidavit for continuance shall be be taken as and for the testimony of the absent witnesses did not cure this error. The defendant was entitled to the oral evidence of his witnesses in person before the jury, and not their evidence reflected through his affidavit. This ground of the application was amply sufficient for a continuance.

In addition thereto, the record shows that the defendant's attorney, W. J. Knott, Esq., was taken suddenly sick about an hour before the case was called for trial, and was compelled to go to his home; that Mr. Knott's sickness resulted fatally the second day thereafter. While an application for continuance on account of the sickness of an attorney is addressed to the sound discretion of the trial court, we think that in this case the continuance should have been granted, at least for a few days, if not for the term, by reason thereof; and we are clearly of opinion that the court erred in refusing to grant a new trial, under the circumstances of this case, for this reason alone.

This refusal to grant a continuance is not the only error in this case. One or two other assignments seem well taken. However, it is unnecessary to discuss the same, further than to say that the evidence in the case, in so far as it relates to the guilt of this defendant, is of very doubtful character.

For the reasons stated, the judgment of the county court of Washita county is reversed.

FURMAN, P. J., and ARMSTRONG, J., concur.